IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAURIE L. SALAZAR                                                                    PLAINTIFF

vs.                                         Civil No. 6:21-cv-06124

COMMISSIONER, SOCIAL                                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Laurie L. Salazar ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications on February 7, 2019.  (Tr. 15).  In these applications, Plaintiff alleged a disability onset date of June 1, 2018.  *Id.*  Plaintiff alleged being disabled due to chronic lower back pain, asthma, COPD, depression, chronic knee pain,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

chronic shoulder pain, chronic foot pain, and a blood disorder. (Tr. 300). These applications were denied initially on June 10, 2019, and they were denied again upon reconsideration on December 19, 2019. (Tr. 15).

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 31-58). Plaintiff's administrative hearing was held on October 19, 2020, and it was held in Hot Springs, Arkansas. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Dianne Smith testified. *Id.* During this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008), and she testified she completed the tenth grade in high school. (Tr. 36-39).

On December 3, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-30). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 18, Finding 2). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 6, 2018, her alleged onset date. (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with chronic pain, dysfunction of the knees with chronic pain, dysfunction of the shoulders with chronic pain, dysfunction of the left foot with chronic pain, asthma, COPD, blood disorder, obesity, depression, and anxiety. (Tr. 18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-16, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her

Residual Functional Capacity ("RFC").  (Tr. 21-24, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb, stoop, crouch, kneel, and crawl; must work in an inside climate controlled environment with no extreme heat, extreme cold, heavy chemicals, heavy dusts, heavy fumes, or heavy humidity; can occasionally reach overhead bilaterally; and most of the claimant's work should be performed in front of her.  The claimant can perform rote type unskilled work; can understand, remember, and follow concrete instructions; can have superficial contact with coworkers and supervisors and limited or no contact with the general public that is unrelated to the work performed.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform her PRW.  (Tr. 24-25, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 25-26, Finding 10).  Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) table worker (sedentary, unskilled) with approximately 9,300 such jobs in the national economy; (2) cutter/paster (sedentary, unskilled) with approximately 18,000 such jobs in the national economy; and (3) tube operator (sedentary, semi-skilled) with approximately 4,700 such jobs in the national economy.  (Tr. 25-26, Finding 10).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 6, 2018 through the date of his decision or through December 3, 2020.  (Tr. 26, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On July 13, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On September 1, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 1, 2021. ECF No. 5. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred by failing to comply with SSR 02-1p, 2002 SSR Lexis 1 in evaluating the effects of her extreme obesity; and (2) the ALJ's RFC assessment is not supported by substantial evidence in the record. ECF No. 15 at 1-17. Based upon these arguments, Plaintiff claims this case must be reversed and remanded. *Id.* The Court will consider each of these claims separately.

5

### A. Obesity Assessment

Plaintiff claims the ALJ erred in assessing her extreme obesity. ECF No. 15 at 2-12. Plaintiff claims her doctors assessed her Body Mass Index ("BMI") at both 60.9 and 67, and the ALJ did not properly consider this high level of obesity. *Id.* Notably, Plaintiff's medical records reflect that on July 28, 2017, for example, Plaintiff had a weight of 300 pounds and a height of 5'1." (Tr. 461).

In the ALJ's opinion, however, the ALJ fully assessed Plaintiff's obesity. Notably, at Step Two, he found Plaintiff suffered from the severe impairment of obesity. (Tr. 18, Finding 3). At Step Three, the ALJ fully considered Plaintiff's obesity as follows:

> There is no listing for obesity. (SSR 19-2p). The claimant's impairments of degenerative disc disease of the lumbar spine and disorders of the knees and left foot are worsened by the claimant's obesity, which was considered when determining whether claimant's impairments met or equaled any listings. However, the claimant's obesity does not worsen her impairments to an extent that causes said impairments to meet or equal a listing. Therefore, the claimant's severe impairment of obesity does not meet or equal a listing, either alone or in combination with other impairments.

(Tr. 19).

Then, at Step Four of the Analysis, the ALJ again considered her obesity as follows:

> The claimant is obese. Her body mass index has been measured as high as 67.08. (Ex. C14F, Page 5). When considering obesity, it is considered in conjunction with the claimant's others severe impairments in order to account for the limitations caused by said impairments when determining the residual functional capacity. (SSR 19-2p). The claimant's obesity further supports the above limitation to sedentary work.

(Tr. 23).

Considering the ALJ's evaluation of Plaintiff's obesity, the Court finds no basis for reversal on this issue. Indeed, the ALJ fully considered her obesity, her high BMI, and the ALJ still found she retained the capacity to perform a limited range of sedentary work. The ALJ considered her

obesity at every relevant step of the analysis, and Plaintiff has offered no basis for reversing this assessment of her obesity.

### B. RFC Assessment

Plaintiff claims the ALJ erred in assessing her RFC and in considering her obesity and in considering her chronic fatigue. ECF No. 15 at 12-17. Plaintiff claims this case must be reversed and remanded on this basis. *Id.*

As recognized above, the ALJ assessed Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb, stoop, crouch, kneel, and crawl; must work in an inside climate controlled environment with no extreme heat, extreme cold, heavy chemicals, heavy dusts, heavy fumes, or heavy humidity; can occasionally reach overhead bilaterally; and most of the claimant's work should be performed in front of her. The claimant can perform rote type unskilled work; can understand, remember, and follow concrete instructions; can have superficial contact with coworkers and supervisors and limited or no contact with the general public that is unrelated to the work performed.

(Tr. 21-24, Finding 5). Plaintiff claims her obesity and her resulting chronic fatigue cause her to have greater limitations than those found by the ALJ in this RFC assessment. ECF No. 15 at 12-17.

Upon review of the medical record and Plaintiff's subjective allegations, however, the Court finds no basis for reversal on this issue. The ALJ fully considered Plaintiff's obesity as recognized above and found she retained the capacity to perform a limited range of sedentary work. Such an RFC is severely restricted. Plaintiff offers no basis for reversal on this issue. The mere fact that she suffers from severe obesity and pain does not demonstrate she is disabled. *See Jones v. Chater,* 86 F.3d 823, 826 (8th Cir. 1996) (recognizing "the mere fact that working may cause pain or discomfort does not mandate a finding of disability").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of July 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE